### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | |
|---|---|
| LINCOLN NATIONAL LIFE INSURANCE COMPANY,  )<br>)<br>    Plaintiff,  )<br>)<br>v.  )<br>)<br>KIM VAN PELT, TARA OZMENT, JESSICA )<br>OZMENT, and DEANNA OZMENT, a minor,  )<br>)<br>    Defendants.  ) | 3:07-cv-00419-JEO-WMA |

### MEMORANDUM OPINION

This matter is before the court on the notice of funds being deposited with the Clerk of the Court and the motion for discharge filed by Plaintiff Lincoln National Life Insurance Company (hereinafter "the plaintiff" or "Lincoln"). (Doc. 16). Upon consideration of the notice and motion, the court finds that the motion is due to be granted.

### BACKGROUND

The plaintiff filed this action on March 5, 2007, seeking to interplead insurance proceeds, plus interest, on a policy issued by it on the life of Sandra Ozment Van Pelt (hereinafter ("the insured")) in the face amount of $300,000.00. According to the complaint, defendant Kim Van Pelt and the insured were married in November 2004. Shortly thereafter, Sandra Ozment Van Pelt applied for life insurance with Lincoln. Kim Van Pelt is the primary beneficiary under the policy, and defendants Tara Ozment, Jessica Ozment, and Deanna Ozment are the contingent beneficiaries. Kim Van Pelt was convicted on December 8, 2006, of the murder of his wife, the insured. Under Alabama's "Slayer Statute" (ALA. CODE § 43-8-253), a named beneficiary of a life insurance policy who feloniously and intentionally kills the person on whose life the policy is

issued is not entitled to any benefit under the policy.[1]  It becomes payable as though the individual had predeceased the insured decedent.  The plaintiff notes that because Kim Van Pelt's conviction is not final, it is uncertain whether he will make a claim under the policy or whether Alabama law would disqualify him from receiving any benefits under the policy.

The court previously ordered that the plaintiff be allowed to deposit the funds at issue with the Clerk of the Court and that it be dismissed from this action with prejudice.  (Doc. 14). The contingent beneficiaries have filed an answer along with a counterclaim against Lincoln and a crossclaim against Kim Van Pelt.  They seek a determination by this court that Kim Van Pelt is not entitled to any of the proceeds under the policy and an order that Lincoln pay the proceeds to the contingent beneficiaries.  (Doc. 10).  Cross-claim defendant Kim Van Pelt has filed a document that the court deems a motion for an extension of time to gather and produce evidence and witnesses and to appoint counsel.[2]  (Doc. 15).  Van Pelt does not object to the payment of the funds into the registry and does not object to the dismissal of the plaintiff from this action.  *Id*.

## DISCUSSION

Premised on the pleadings, the court finds that the plaintiff's motion is due to be granted upon the notice of payment of the funds to the Clerk of the Court.  Additionally, the plaintiff having complied with this court's prior order requiring it to deposit the funds with the Clerk, the counterclaim asserted by defendants Tara, Jessica, and Deanna Ozment is moot.  Still further, the

---

[1] ALABAMA CODE § 43-8-253(c) provides as follows:

> A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

[2] These discovery and attorney related matters will be addressed by the magistrate judge assigned this case.

court finds that Lincoln is due to be discharged from further liability to all persons or entities for payment under the insurance policy made the basis of this litigation.  Finally, Lincoln is due to be dismissed from this action with prejudice.

## CONCLUSION

An order consistent with the foregoing will be entered by this court.

The Clerk of the Court is **DIRECTED** to serve a copy of this memorandum opinion upon counsel of record and upon defendant Kim Van Pelt.

**DONE** this the 17th day of May, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE